IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 19-145 (JAG) |
| [1] EMANUEL TORRES-RUIZ | |

**ORDER**

On November 18, 2021, the U.S. Probation Office ("USPO") filed a motion notifying Defendant's violations to his conditions of supervised release and requesting an arrest warrant. Docket No. 54. The motion informed that, on October 25, 2021, the Defendant was arrested and charged in state court with violations to Articles 3.1, 3.3 and 3.4 of the Puerto Rico Domestic Violence Law and to Article 6.05 of the Puerto Rico Weapons Law. Per the motion, probable cause for arrest was found and the Defendant was granted bail, which he was unable to post. The motion at Docket No. 54 charged Defendant with violation to the following mandatory conditions of release: "[t]he defendant shall not commit another federal, state or local crime." and "[t]he defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.". The case was called for the preliminary revocation hearing on December 9, 2021.

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.". Fed.R.Crim.P. 32.1(b)(1)(A). The concept of probable cause is narrow in scope. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I.) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987) and United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. Fed.R.Evid. 1101(d)(3). A finding of probable cause may be based, in whole or in part, on hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972); United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005).

The Government called USPO Supervisor Jeffrey Semidey to the stand. USPO Semidey testified that in preparation for the hearing he reviewed the case docket, the entries made in the Chronos' journal, and the documents kept by the USPO, and that he discussed the case with USPO Joseline Pérez-García, who is the USPO in charge of supervising the Defendant. USPO Semidey

testified that, according to his discussion with USPO Pérez-García and per the records of the USPO, the Defendant admitted to punching the victim in the face. Without more, there is a fair probability that the violation charged at Docket No. 54 (that the defendant shall not commit another federal, state or local crime) occurred to establish a finding of probable cause at this stage of the proceedings. See United States v. Rentas-Felix, 235 F. Supp. 3d 366, 385 (D.P.R. 2017) (lack of probable cause in state court does not preclude revocation proceedings); United States v. Franklin, 2021 WL 4080245 (D. Mass. Sept. 8, 2021) ("court may conclude that defendant committed a crime, regardless of any underlying charge or conviction, if it finds that the evidence presented at the revocation hearing supports that conclusion by a preponderance of the evidence").

In sharp contrast, USPO Semidey's testimony supports a finding of no probable cause as to the weapons charge at Docket No. 54. USPO Semidey explained that, according to the records of the USPO, the alleged victim informed the office that she lied when she alleged that the Defendant had a weapon the day of the incident. The Government did not present any evidence to counter the testimony or to establish that Defendant did possess a firearm on the day of the alleged incident of domestic violence.

Given the testimonial evidence presented by the Government during the hearing, relevant portions of which are discussed above, the Court finds that there is probable cause that Defendant violated the mandatory condition that "the defendant shall not commit another federal, state or local crime". But no probable cause as to the charge that Defendant violated the mandatory condition that "the defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon".

The defense moved for reconsideration of the Court's denial of conditions of release pending final revocation proceedings. Under Rule 32.1(a)(6) of the Rules of Criminal Procedure, a person held in custody for violating conditions of supervised release may be released or detained under 18 U.S.C. § 3143(a)(1) pending further proceedings. However, the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant. The charge pending before the Court involves the use of violence, and Defendant has a prior criminal history, and prior conviction, involving weapons and/or ammunition. Further, as stated in the order of detention at Docket No. 10, the Defendant has absconded from a drug treatment facility in the past. Therefore, the Court finds that the Defendant has not established by clear and convincing evidence that he does not pose a danger to the community or a risk of flight. Defendant will remain detained pending final revocation proceedings. This matter is referred to the presiding District Judge for final revocation proceedings.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 14th day of December 2021.

s/Giselle López-Soler<br>
GISELLE LÓPEZ-SOLER<br>
United States Magistrate Judge